UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WINIFRED MACHEDA and RICHARD MACHEDA

    Plaintiffs

-vs-                                                5:04-CV-0325

HOUSEHOLD FINANCE REALTY
CORPORATION OF NEW YORK

    Defendant

---

# DEFENDANT'S MOTION IN LIMINE AND MEMORANDUM
# OF LAW IN SUPPORT OF ITS MOTION IN LIMINE

                Respectfully Submitted,

                Phillips Lytle LLP
                Preston L. Zarlock, Of Counsel
                Cynthia L. Thompson, Of Counsel
                Attorneys for Defendant Household Finance
                Realty Corporation of New York
                3400 HSBC Center
                Buffalo, NY 14203
                Telephone No. (716) 847-8400

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND .......................................................................................................................... 1

ARGUMENT ................................................................................................................................ 4

      POINT I    PLAINTIFFS' DEMAND FOR A JURY TRIAL SHOULD BE DENIED AND ALL ISSUES IN THIS CASE SHOULD BE TRIED BY THE COURT ............................................................................... 4

      POINT II    PLAINTIFFS CANNOT DISPUTE THE FACT THAT DEFENDANT MADE TWO PAYMENTS TO MR. RIEDL TO PAY OFF THEIR PRIOR INDEBTEDNESS ............................................................................ 7

      POINT III    PLAINTIFFS SHOULD BE BARRED BY THE PAROL EVIDENCE RULE FROM RAISING CLAIMS OF REPRESENTATIONS CONTRARY TO THE TERMS OF THE LOAN DOCUMENTS ............... 9

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**CASES**

Barber v. Kimbrell's, Inc.,
   577 F.2d 216 (4th Cir. 1978) ..................................................................................5, 6

Barclays Bank of New York v. Goldman,
   517 F. Supp. 403 (S.D.N.Y. 1981) ...............................................................................10

Bellefonte Re Ins. Co. v. Argonaut Ins. Co.,
   757 F.2d 523 (2d Cir. 1985) ......................................................................................7, 8

Broadnax v. City of New Haven,
   415 F.3d 265 (2d Cir. 2005) ...........................................................................................7

Columbus Mills, Inc. v. Freeland,
   918 F.2d 1575 (11th Cir. 1990) .....................................................................................6

Cortlandt v. E.F. Hutton, Inc.,
   491 F. Supp. 1 (S.D.N.Y. 1979) ..................................................................................10

Design Strategy, Inc. v. Davis,
   469 F.3d 284 (2d Cir. 2006) ...........................................................................................4

Dixon v. S&S Loan Service of Waycross, Inc.,
   754 F.Supp. 1567 (S.D. Ga. 1990) ................................................................................9

Duren v. First Gov't Mortg. and Investors Corp.,
   2000 WL 816042 (D.C. Cir. June 7, 2000) ................................................................5, 6

Geisser v. NVR, Inc.,
   2001 WL 36016177 (M.D. Tenn. May 15, 2001) .........................................................9

Golden v. Kelsey-Hayes Co.,
   73 F.3d 648 (6th Cir. 1996) ...........................................................................................6

Goshen v. Mutual Life Ins. Co.,
   286 A.D.2d 229, 730 N.Y.S.2d 46 (1st Dep't 2001) .....................................................6

Guadagno v. Wallack Ader Levithan Assocs.,
   950 F. Supp. 1258 (S.D.N.Y.), aff'd, 125 F.3d 844 (2d Cir. 1997) ...........................7, 8

Hicks v. Star Imports, Inc.,
   5 Fed. Appx. 222 (4th Cir. March 7, 2001) ...................................................................9

In re Spence,
   276 B.R. 149 (Bankr. N.D. Miss. 2001) ....................................................................5, 6

Kramer v. Banc of America Sec., LLC,
 355 F.3d 961 (7th Cir. 2004) ...................................................................................7

Kramer v. Marine Midland Bank,
 559 F.Supp. 273 (S.D.N.Y. 1983)........................................................................9, 10

NAACP v. Acusport Corp.,
 226 F. Supp.2d 391 (E.D.N.Y. 2002) ........................................................................6

Peckham Materials Corp. v. Raima Corp.,
 1995 WL 422158 (S.D.N.Y. July 18, 1995) ..............................................................8

Plechner v. Widener College, Inc.,
 569 F.2d 1250 (3d Cir. 1977).....................................................................................4

Porter v. NationsCredit Consumer Disc. Co.,
 2006 WL 3333837 (E.D. Pa. Nov. 14, 2006) ..........................................................10

Ryan Distrib. Corp. v. Caley,
 51 F. Supp. 377 (E.D. Pa. 1943) ................................................................................7

Swan Brewery Co. v. United States Trust Co.,
 143 F.R.D. 36 (S.D.N.Y.), on recons., 145 F.R.D. 40, 44 (S.D.N.Y. 1992) .............4

Thaler v. PRB Metal Products,
 810 F. Supp. 49 (E.D.N.Y. 1993) ..............................................................................7

**STATUTES**

15 U.S.C. § 1635................................................................................................................10

15 U.S.C. § 1639..................................................................................................................1

15 U.S.C. § 1640..................................................................................................................6

New York General Business Law 349........................................................................1, 3, 6

**OTHER AUTHORITIES**

12 C.F.R. § 226....................................................................................................................8

3 NYCRR Part 41 ................................................................................................................1

Fed. R. Civ. P. 38(b) ............................................................................................................4

Fed. R. Civ. P. 39(c) ............................................................................................................7

Moore's Federal Practice 3d, § 38.31[8][a] .........................................................................4

## PRELIMINARY STATEMENT

Defendant Household Finance Realty Corp. of New York ("Defendant" or "HFRCNY") submits this motion in limine and memorandum of law in support of its motion in limine to deny plaintiffs' demand for a jury trial and to bind plaintiffs to the judicial admissions in their Amended Complaint.

Defendant's motion should be granted. Plaintiffs have demanded the equitable remedy of rescission, which carries no entitlement to a jury trial. Accordingly, the request for a jury trial in plaintiffs' Amended Complaint ("Am. Compl.," attached as Exhibit A to the Declaration of Preston L. Zarlock dated January 5, 2009 ("Zarlock Dec.")) should be denied. Further, to the extent that plaintiffs attempt to now allege facts inconsistent with the allegations of their Amended Complaint, this Court should prevent them from doing so. Finally, plaintiffs should be barred from raising claims of representations contrary to the express terms of the documents executed in the loan transaction.

## BACKGROUND

Plaintiffs filed their Amended Complaint on January 26, 2005, expressly seeking equitable remedy of rescission on both their Federal Truth in Lending Act ("TILA") claim and on their New York General Business Law 349 ("GBL 349") claim. Am. Compl. ¶¶ 1, 62, 66.

Plaintiffs' "WHEREFORE" clause lists eleven items of relief, ten of which are expressly equitable and one which seeks restoration damages incidental to equitable rescission:

> a. An order requiring Household to determine with regard to each consumer credit transaction secured by a mortgage, lien or security interest in the borrower's primary residence, whether said transaction comes within the provisions of 15 U.S.C. § 1639 or 3 NYCRR Part 41, and to comply with the requirements imposed thereby were [sic] applicable;

b. An order permanently enjoining Household from engaging in the illegal, unfair and deceptive practices described above;

c. An order preliminarily and permanently enjoining Household from commencing any foreclosure proceedings against the Plaintiffs;

d. Rescission of the transaction, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed by Defendant;

e. A declaration that the security interest in Plaintiffs' property created under the transaction is void, and an order requiring Defendants [sic] to release such security interest;

f. Return of any money or property given by the Plaintiffs to anyone, including the defendant, in connection with the transaction;

g. Statutory damages consisting of $2000 for the failure to rescind, [if the Defendant failed to take the actions necessary or appropriate to reflect the termination of any security interest created under the transaction and to return to the Plaintiffs any money or property given by the Plaintiffs to anyone, including Household, within twenty days from receipt of the notice of rescission];

h. An order that, because Defendant failed to act in response to Plaintiffs' notice of rescission, Plaintiffs have no duty to tender the loan proceeds to Defendants [sic], or in the alternative, if tender is required, a determination of the amount of the tender obligation in light of all of the Plaintiffs' claims, and an order requiring the Defendant to accept tender on reasonable terms and over a reasonable period of time;

i. Actual damages in an amount to be determined at trial;

j. An Order directing payment of Plaintiffs' costs, disbursements and reasonable attorney fees; and

    k. Such other relief at law or equity as this Court may
deem just and proper.

See Am. Compl. pp. 10-11.

    In its Memorandum-Decision and Order of June 26, 2008, this Court, in granting partial summary judgment to defendant, recognized that the relief sought by plaintiffs was equitable, with monetary relief being merely incidental to the equitable relief:

> The first cause of action is for rescission and actual
> and statutory damages due to defendant's alleged
> violation of TILA and HOEPA. The second cause
> of action is for equitable and monetary relief under
> New York General Business Law § 349(h).
> Plaintiffs also seek injunctive and declaratory relief
> and reasonable attorney's fees and costs.

See Memorandum-Decision and Order, Dkt. No. 61, p. 4.

    In fact, plaintiffs do not seek monetary damages apart from rescission. Even the monetary damages plaintiffs seek are described by plaintiffs themselves as "rescission damages":

> The Machedas' motion for partial Summary
> Judgment respectfully requests that the court
> declare their rescission valid, terminate the
> defendant's security interest in the Machedas'
> residence other than the amount HFRCNY paid
> itself on the prior loan, ***and award rescission
> damages*** and $2,000 statutory damages. The
> Machedas further respectfully request that should
> the Court grant their motion that they be provided
> the opportunity to submit their analysis of the
> ***rescission damages***. The ***rescission damages***
> cannot be accurately calculated presently because
> the Plaintiffs continue to make their mortgage
> payments to the Defendant and therefore their
> ***rescission remedy*** continues to evolve as the credit
> they are entitled to continues to grow with each
> payment.

See Memorandum of Points and Authorities In Support of Plaintiffs' Motion for Partial Summary Judgment, dated January 16, 2007 (Dkt. No. 48-3, attached as Ex. C to Zarlock Dec.), pp. 20-21.

Despite requesting rescission, plaintiffs have requested a jury trial "of all issues so triable." Am. Compl. p. 11. Defendants have not requested a jury trial. See Answer to Am. Compl., Zarlock Dec. Ex. B.

## ARGUMENT

### POINT I

### PLAINTIFFS' DEMAND FOR A JURY TRIAL SHOULD BE DENIED AND ALL ISSUES IN THIS CASE SHOULD BE TRIED BY THE COURT

A party may demand a trial by jury only of issues "triable of right" by a jury. Fed. R. Civ. P. 38(b). Here, Plaintiffs have demanded a jury trial of "all issues so triable." See Am. Compl. p. 11. Because Plaintiffs' claims are not "triable of right" by a jury, however, Plaintiffs' jury demand is a nullity, and all issues should be tried by the Court.

"An action for rescission or cancellation of a contract or other instrument is traditionally equitable, and is triable by the court without a jury." Moore's Federal Practice 3d, § 38.31[8][a]. A request for restitution damages in connection with a rescission claim does not create a right to a jury trial. See Plechner v. Widener College, Inc., 569 F.2d 1250, 1257 (3d Cir. 1977) (reimbursement of funds in action to dissolve affiliation between schools constituted restitution); see also Design Strategy, Inc. v. Davis, 469 F.3d 284, 299-300 (2d Cir. 2006) (plaintiff had no right to jury trial because plaintiff sought only equitable remedies of disgorgement of profits, restitution, imposition of a trust, accounting, and permanent injunction); Swan Brewery Co. v. United States Trust Co., 143 F.R.D. 36, 41 (S.D.N.Y.), on recons., 145 F.R.D. 40, 44 (S.D.N.Y. 1992) (damage actions may be characterized as equitable when the

- 4 -

damages sought are in the nature of restitution, as in actions for disgorgement of improper profits or money wrongfully withheld, or when a money award is incidental to or intertwined with equitable relief).

In the context of a TILA claim, courts generally find the type of damages sought to be dispositive as to whether plaintiff has the right to a jury trial. The Fourth Circuit found that the computation of plaintiff's statutory damages under TILA was a matter for the jury. Barber v. Kimbrell's, Inc., 577 F.2d 216, 225 (4th Cir. 1978). There, plaintiff demanded only statutory damages, not rescission; after determining liability, the district court did not submit the question of damages to a jury but computed damages at the maximum allowed. Id. at 218. The Fourth Circuit affirmed the finding of liability but reversed as to damages, directing the district court to "impanel a jury for the purpose of determining the amount of statutory damages due the plaintiff." Id. at 226.

By contrast, where, as in this case, a plaintiff seeks equitable rescission, the issues are for a judge to decide, not a jury. In Duren v. First Gov't Mortg. and Investors Corp., 2000 WL 816042, at *2 (D.C. Cir. June 7, 2000), the circuit court reversed a jury verdict and held that plaintiff was not "entitled to jury consideration of her TILA claim" because she sought rescission, an equitable remedy. Id. "The district court erred in concluding that the rescission remedy's statutory origin changed its fundamentally equitable character." Id.

There was no right to jury trial of all issues where plaintiff-debtor sought both legal and equitable remedies for alleged TILA violations in a complaint filed along with her Chapter 7 bankruptcy petition. In re Spence, 276 B.R. 149 (Bankr. N.D. Miss. 2001). There, plaintiff asked for eleven forms of relief, two of them based in law and nine in equity. Id. at 155. The court held that a complaint that "largely seeks equitable relief" is not converted into a cause

of action at law by one part of the complaint that seeks legal relief. Id. The court then bifurcated the trial into "equitable or non-jury issues" and legal issues (actual, compensatory and punitive damages and civil penalties). Id.

Here, plaintiffs seek equitable remedies. See Am. Compl. pp. 10-11. None of their claims can be considered "legal" for two reasons. First, plaintiffs' claims for damages are merely as an incident to rescission, an equitable remedy. In fact, plaintiffs themselves have referred to these damages as "rescission damages." Pls.' Mem. of Law, Dkt. No. 48-3, pp. 20-21 (Zarlock Dec., Ex. C). In any event, while actual damages could constitute a legal remedy under TILA, any such claim carries a statute of limitations of one year (15 U.S.C. § 1640(e)), so that any such claim has not been timely since March 26, 2002. Accordingly, plaintiffs' timely claims are either expressly equitable or incidental to equitable relief. Under the Seventh Amendment and Barber, Duren, and In re Spence, supra, plaintiffs have no right to a jury trial.[1]

Plaintiffs' GBL 349 claim also does not entitle it to a jury trial because plaintiffs seek equitable relief under it. See Am. Compl. ¶ 1. See Goshen v. Mutual Life Ins. Co., 286 A.D.2d 229, 730 N.Y.S.2d 46 (1st Dep't 2001) (in reversing denial of motion to strike jury demand on GBL 349 claim, the Court held that plaintiffs had no right to jury demand where they sought largely equitable relief seeking rescission of insurance policies). In fact, even if there were core legal issues and claims triable by jury (there are not), it is the Court's function to rule

---

[1] Plaintiffs' claims for declaratory relief, injunctive relief, and attorneys' fees are not only expressly ancillary to the rescission sought, there is no right to a jury trial on such issues in their own right. See NAACP v. Acusport Corp., 226 F. Supp.2d 391, 397 (E.D.N.Y. 2002) (injunction is equitable relief and no jury trial is required); Golden v. Kelsey-Hayes Co., 73 F.3d 648, 662 (6th Cir. 1996) (declaratory judgment claim and claim for monetary award did not convert equitable action into a legal action); Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1578 (11th Cir. 1990) (attorneys' fees issues are to be decided by the court).

on the equitable relief implicated by the declaratory and injunctive claims.  See e.g., Ryan Distrib. Corp. v. Caley, 51 F. Supp. 377, 379-80 (E.D. Pa. 1943).

Finally, any claim that defendant has "consented" to plaintiffs' jury demand and thereby agreed to a jury trial of all issues under Fed. R. Civ. P. 39(c) is spurious.  First, defendant did not make a jury demand in its answer.  See Answer to Am. Compl.  Moreover, even actual consent can be withdrawn at any time prior to trial.  See Thaler v. PRB Metal Products, 810 F. Supp. 49 (E.D.N.Y. 1993) (even where defendants' answer and two amended answers included demands for a jury trial, defendants' notice to strike jury demand was granted, because in so moving defendants were held to have withdrawn their consent under Fed. R. Civ. Pr. 39(c), and it was timely because done before jury was chosen); Kramer v. Banc of America Sec., LLC, 355 F.3d 961, 968 (7th Cir. 2004).  Only when no objection is raised prior to submission to the jury may the Court infer consent to a jury trial on a claim not triable by right.  See Broadnax v. City of New Haven, 415 F.3d 265, 272 (2d Cir. 2005) (where city did not object to sending Title VII lost wage claim to the jury, it had impliedly consented to such submission; the Court also noted frequency with which juries calculate wage claims).

## POINT II

### PLAINTIFFS CANNOT DISPUTE THE FACT THAT DEFENDANT MADE TWO PAYMENTS TO MR. RIEDL TO PAY OFF THEIR PRIOR INDEBTEDNESS

The statements in a party's unamended pleadings are binding upon that party and bar the party from making subsequent, inconsistent statements.  "Judicial admissions are formal concessions in the pleadings … that are binding upon the party making them.  They may not be controverted at trial or on appeal."  Guadagno v. Wallack Ader Levithan Assocs., 950 F. Supp. 1258, 1261 (S.D.N.Y.), aff'd, 125 F.3d 844 (2d Cir. 1997).  See also Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528-29 (2d Cir. 1985) (disregarding affidavits by party seeking

to contradict statements of fact in its own pleading); Peckham Materials Corp. v. Raima Corp., 1995 WL 422158, *1 (S.D.N.Y. July 18, 1995) (prohibiting plaintiff from contradicting at trial statements of fact made in complaint).

Here, plaintiffs alleged in their Amended Complaint that Defendant's payment of $62,829.00 "did not pay off [their] total indebtedness to the original mortgage holder, Robert Riedl." Am. Compl. ¶ 19. Defendant made a second payment of $20,122.39 to Mr. Riedl on August 29, 2003, after finding that its original payment of $62,829.00 was insufficient to satisfy plaintiffs' indebtedness to Mr. Riedl and release his security interest. Plaintiffs do not challenge the fact of this payment but now allege that they were not indebted to Mr. Riedl beyond the original payment of $62,829.00 "because Mr. Macheda had performed work for Mr. Riedl as payment towards this [alleged further indebtedness]." Pls.' Mem. of Law in Opposition to Defendant's Motion for Summary Judgment dated January 31, 2007, Dkt. No. 54, p. 17 (Zarlock Dec., Ex. D).

Plaintiffs admitted in a pleading that their existing indebtedness to Mr. Riedl was not satisfied by Defendant's first payment to him, and they cannot now be heard to protest that they did not owe the amount of the second payment to Mr. Riedl. Their judicial admission in a pleading does not allow such an inconsistent statement. See Guadagno, 950 F. Supp at 1261, Bellefonte, 757 F.2d at 528-9; Peckham, 1995 WL 422158 at *1. Accordingly, the $20,122.39 payment Defendant made to Mr. Riedl should be included in the "total loan amount," as it was money paid by Defendant on behalf of plaintiffs in order to satisfy their prior indebtedness, secured by the real property here at issue.[2] In the alternative, should this Court find that rescission is available to plaintiffs, the $20,122.39 must be included in the amount plaintiffs

---

[2] "Total loan amount" is a defined term under TILA. See 12 C.F.R. § 226.

- 8 -

tender to Defendant to put both parties back in the position they were before the 2001 loan was consummated.

## POINT III

**PLAINTIFFS SHOULD BE BARRED BY THE
PAROL EVIDENCE RULE FROM RAISING
CLAIMS OF REPRESENTATIONS CONTRARY
TO THE TERMS OF THE LOAN DOCUMENTS**

It is uncontroverted that plaintiffs received and signed documents that stated the terms of the 2001 loan transaction. In various ways, however, plaintiffs claim that there were prior or contemporaneous representations contrary to the express terms of these documents. Such arguments are barred by the parol evidence rule and should not be permitted.

For example, plaintiffs claims that their purchase of credit insurance was not voluntary despite the terms of the agreements they signed is barred. See Kramer v. Marine Midland Bank, 559 F.Supp. 273, 283-4 (S.D.N.Y. 1983) (assertions of prior and contemporaneous oral representations by a lender or its agent are not sufficient to overcome the written terms of the signed disclosure, and that any such claims were barred by the New York parol evidence rule); see also Dixon v. S&S Loan Service of Waycross, Inc., 754 F.Supp. 1567, 1574-75 (S.D. Ga. 1990) (granting summary judgment to lender on issue of voluntary purchase of insurance and barring claims or representations to the contrary based on state parol evidence rule); Geisser v. NVR, Inc., 2001 WL 36016177 at * 4 (M.D. Tenn. May 15, 2001) (granting motion to dismiss holding that "in the absence of fraud, duress or illiteracy, the state parol evidence rule bars the introduction of evidence contradicting written disclosure requirements."); Hicks v. Star Imports, Inc., 5 Fed. Appx. 222, 225 (4th Cir. March 7, 2001) (concluding that the fee was not mandatory based upon written disclosure requirements in holding that in the absence of fraud, duress or illiteracy, state parol evidence rule bars the instruction of evidence

contradicting written disclosure requirements); Porter v. NationsCredit Consumer Disc. Co., 2006 WL 3333837 at * 6 (E.D. Pa. Nov. 14, 2006) (where borrower signed insurance disclosure, to find against the lender based on oral claims "would require this Court to hold against basic contract law principles and case law on Regulation Z.").

Similarly, any claims of representations contrary to other loan documents are also barred. See Barclays Bank of New York v. Goldman, 517 F. Supp. 403, 411-12 (S.D.N.Y. 1981) (parol evidence rule may apply to more than one document and here barred claims of terms contrary to those set forth in guaranty); Cortlandt v. E.F. Hutton, Inc., 491 F. Supp. 1, 4 (S.D.N.Y. 1979).

Finally, while 15 U.S.C. § 1635(c) provides that written acknowledgement of "disclosures" required under TILA creates only "a rebuttable presumption of delivery thereof," that provision only applies to required *disclosures* such as the notice of right to cancel. It does *not* apply to issues not concerning "disclosures," such as whether a document that expressly provides that insurance is voluntary may be controverted by oral claims to the contrary. See Kramer v. Marine Midland, 559 F. Supp at 283-4.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' demand for a jury trial should be denied and this case should be determined without a jury. Further, plaintiffs' judicial admissions bind them as to the total amount of their prior indebtedness to Mr. Riedl. Finally, plaintiffs should be barred from claiming any representations contrary to the terms of any of the documents they executed in the loan transaction.

Dated: Buffalo, New York
January 5, 2009

PHILLIPS LYTLE LLP


By: \s\ Preston L. Zarlock
       Preston L. Zarlock, Esq. (508349)
       Cynthia L. Thompson, Esq. (515326)
Attorneys for Defendant
Suite 3400
One HSBC Center
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400

PLZwm
Doc # 01-2264043.4